# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GRIDIRON MANAGEMENT GROUP LLC, JEFFREY SPROWLS,<br><br>    Plaintiffs,<br><br>  vs.<br><br>PATRICK PIMMEL, SUNJACK FOOTBALL, LLC;<br><br>    Defendants. | 8:12CV3128<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Partial Summary Judgment (Filing No. 87), filed by Plaintiff Jeffrey Sprowls ("Sprowls"). For the reasons stated below, the Motion will be denied.

## FACTUAL BACKGROUND

Unless otherwise indicated, the following facts were presented in the parties' briefs and were supported by pinpoint citations to admissible evidence in the record that the parties have admitted, or that the parties have not properly resisted as required by NECivR 56.1[1] and Fed. R. Civ. P. 56.

At all times relevant to this lawsuit, Sprowls was a member of Plaintiff Gridiron Management Group, LLC ("Gridiron"), an entity that owned the Omaha Beef, an indoor football team. Sprowls had an email account through Yahoo!, Inc. ("Yahoo!"). Defendant Patrick Pimmel ("Pimmel") formerly coached the Omaha Beef. At a time when Pimmel was no longer employed by the Omaha Beef, Pimmel accessed Sprowls's Yahoo! email account at least three different times on different days.

---

[1] "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1).

Sprowls alleges that Pimmel did not have authority to access Sprowls's Yahoo! email account when he did so. (Filing No. 89-5 ¶ 2.) Pimmel did not have a court warrant or order, nor did he access Sprowls's Yahoo! account at the request of a law enforcement officer. Nevertheless, Pimmel states that Sprowls gave Pimmel the Yahoo! email account password while Pimmel was still coaching the Omaha Beef. (Filing No. 92-2 ¶ 2.) Pimmel asserts that Sprowls did not restrict or limit his authorization to access the Yahoo! email account, nor did he ever tell Pimmel that Pimmel was no longer permitted to access Sprowls's email account. (Filing No 92-2 ¶¶ 9, 10.) When Sprowls gave Pimmel the password to his account, he told Pimmel that he had nothing to hide and did not care who read his emails. (Pimmel Aff., Filing No. 92-2, ¶ 9.) Sprowls gave his Yahoo! email account password to several individuals. (Filing No. 92-2 ¶ 9.)

Pimmel alleges that he accessed Sprowls's email because he believed Sprowls threatened him. Pimmel specifically states that Sprowls threatened to "get" Pimmel and his family because Pimmel cooperated with the postal inspector after Pimmel discovered crack cocaine delivered to the Omaha Beef office. (Pimmel Dep., Filing No. 92-1 at 40:11-42:15; 43:19-44:13.[2]) Pimmel alleges that he logged into Sprowls's Yahoo! account three times in response to the alleged threats. (Filing No. 92-2 ¶ 5.) Pimmel accessed the account to look for references to himself, his family, or individuals that might be used to carry out the alleged threats. (Filing No. 92-2 ¶ 5.) Pimmel opened one email in Sprowls's account. (Filing No. 92-2 ¶ 6.) The account indicated that the email Pimmel opened had already been viewed. (Filing No. 92-2 ¶ 6.)

---

[2] In this Memorandum and Order, pinpoint references to deposition testimony will be to the deposition page number and line rather than the generated ECF page number.

## STANDARD OF REVIEW

"Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint,* 736 F.3d 1134, 1136 (8th Cir. 2013) (citing Fed. R. Civ. P. 56(c)). "Summary Judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n. 2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) *cert. denied*, 132 S.Ct. 513 (2011)) (internal quotations omitted). In reviewing a motion for summary judgment, the court will view "all facts and mak[e] all reasonable inferences favorable to the nonmovant." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe,* 690 F.3d at 1011 (quoting *Torgerson*, 643 F.3d at 1042) (internal quotations omitted). "'[T]he mere existence of some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012) (quoting *Torgerson*, 643 F.3d at 1042) (internal quotations omitted). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue for trial" and summary judgment is appropriate. *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)) (internal quotations omitted).

## DISCUSSION

Sprowls seeks summary judgment on Count II of the Amended Complaint, arising under the Stored Wire & Electronic Communications & Transactional Records Access Act ("SCA"), 18 U.S.C. § 2701. The SCA creates a private cause of action for unauthorized, intentional access to communications held in electronic storage. 18 U.S.C. §§ 2701, 2707; *Shlahtichman v. 1–800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010). The SCA specifically prohibits (1) unauthorized access to "a facility through which an electronic communication service is provided," or (2) "intentionally exceed[ing] an authorization to access that facility," thereby "obtain[ing], alter[ing], or prevent[ing]

authorized access to a wire or electronic communication while it is in electronic storage in such system . . . ." 18 U.S.C. § 2701(a).  Sprowls argues that he is entitled to judgment as a matter of law on his SCA claim against Pimmel because Pimmel accessed Sprowls's email account without authorization. Defendants assert that material issues of fact remain as to whether Pimmel violated the SCA. Specifically, Pimmel argues that he was authorized to access Sprowls's Yahoo! account.[3]

Summary judgment is precluded because there is conflicting evidence about whether Pimmel was authorized to access Sprowls's Yahoo! account. Authorized access to email communications is exempt from § 2701(a). *See Theofel v. Farey–Jones,* 359 F.3d 1066, 1072–73 (9th Cir.2003) (stating that the SCA exempts conduct authorized by user of electronic communications service with respect to communication of user); *Sherman & Co. v. Salton Maxim Housewares, Inc.,* 94 F.Supp.2d 817, 821 (E.D. Mich. 2000) ("[F]or 'intentional' access in excess of authorization to be a crime and actionable civilly, the offender must have obtained the access to private files without authorization"). The SCA does not define "authorization" and "there is relatively scant authority on the definition of 'authorized' under the SCA." *Perkins v. LinkedIn Corp.*, 13-CV-04303-LHK, 2014 WL 2751053, at *12 (N.D. Cal. June 12, 2014). The Ninth Circuit analogized the authorization exemption to the SCA to consent that defeats a common law claim for trespass.  *Id.* (citing *Theofel,* 359 F.3d at 1072). The Ninth Circuit adopted the Restatement (Second) of Torts for this proposition, which states: "If words or conduct are reasonably understood by another to be intended as consent, they

---

[3] Pimmel also argues that the emails Pimmel accessed were not stored communications under the SCA. Because material issues of fact remain as to the scope of Pimmel's authorization, the Court need not address that issue at this time.

constitute apparent consent and are as effective as consent in fact." *Id.* (citing Restatement (Second) of Torts § 892). Other courts have analogized authorization under the SCA to consent under the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520. *See, e.g. Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1028 (E.D. Mo. 2013) (citing *Deal v. Spears,* 980 F.2d 1153, 1156–57 (8th Cir.1992) (concluding that constructive consent is adequate, and actual consent may be implied from the circumstances)).

While it is undisputed that Sprowls gave Pimmel the password to his Yahoo! email account and expressly authorized Pimmel to access the account on at least one occasion, there is conflicting evidence regarding the extent of that authorization. Sprowls summarily asserts that after Pimmel left his position as coach of the Omaha Beef, Pimmel did not have authorization to access Sprowls's account. (Filing No. 89-5, Sprowls Aff., ¶ 2.) Pimmel argues that Sprowls gave him the password to access his account without any indication that such access was limited or that it would be revoked. Pimmel asserts that Sprowls shared his email password with several individuals. (Filing No. 92-2 ¶ 9.) Pimmel also testified that when Sprowls told him the password, Sprowls said, "I have nothing to hide. Everybody knows my password." (Filing No. 89-3, at 67:17-18.)

The Court cannot conclude as a matter of law that Pimmel lacked authorization to access Sprowls's Yahoo! account. Sprowls argues that any authorization given to Pimmel was revoked, at the latest, at the time Pimmel's employment with the Omaha Beef ended. Sprowls argues that Pimmel's arguments to the contrary are absurd, and the Court need not accept Pimmel's unreasonable statements of fact in the face of

overwhelming evidence refuting Pimmel's account. Before the Court at this time, however, are conflicting statements that raise issues of material fact regarding the extent of Pimmel's authority to access Sprowls's Yahoo! account. Courts faced with similar questions under the SCA have concluded that a jury must resolve the limits of the access authorized. *See Anzaldua*, 978 F. Supp. 2d at 1028 (noting that where a defendant gained access to plaintiff's private email and passwords when she was involved in a relationship with plaintiff, and there was no indication that the plaintiff revoked his consent or authorization before she allegedly accessed the emails, there was a question as to whether any access was truly unauthorized); *Samples v. Rainsberger*, CV 06-20-AS, 2007 WL 4208310, at *4 (D. Or. Nov. 28, 2007) ("The evidence before the court raises issues regarding the credibility of both parties as well as Plaintiff's intent in giving Defendant the password to his email accounts. . . . These questions must be decided by the ultimate trier of fact.") Genuine issues of material fact remain as to the extent of Pimmel's authority to access Sprowls's Yahoo! account. Therefore, Sprowls has not proven that Pimmel is liable under the SCA as a matter of law. Accordingly,

IT IS ORDERED: the Motion for Partial Summary Judgment (Filing No. 87), filed by Plaintiff Jeffrey Sprowls, is denied.

Dated this 11th day of July, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

7